UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D.M.W. (XXX-XX-2089)                          CIVIL ACTION NO. 12-cv-2650

VERSUS                                         JUDGE FOOTE

MICHAEL J. ASTRUE                              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

D.M.W. ("Plaintiff") was born in 1962, has a 9th-grade education, and past work experience as a roofer helper, van driver, and material handler. He says he last worked in November 2009, when he quit a construction job because of breathlessness from working around insulation and cramps in his right hand after using a hammer for a few minutes. He applied for disability benefits due to heart problems, chest pain, shortness of breath, and right hand pain.

ALJ Gordan Momcilovic held a hearing and issued a written decision in which he found that Plaintiff was not disabled. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek judicial review. For the reasons that follow, it is recommended that the Commissioner's decision be reversed and remanded to the Commissioner for further proceedings.

**Issues on Appeal**

Plaintiff complains on appeal that: (1) the ALJ did not properly weigh the medical opinion of Dr. Raymond Cush regarding Plaintiff's ability to use his hands and, as a result,

(2) the residual functional capacity ("RFC") assessment made by the ALJ is not supported by substantial evidence.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Summary of the ALJ's Decision**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. It requires the ALJ to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the

claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had not been working since his alleged onset date (step one) and that he had the following severe impairments (step two): hypertension, hypertrophic pulmonary osteoarthropathy, and status post amputation of distal third and fourth right phalanges. He found at step three that Plaintiff did not meet or equal a listed impairment, and Plaintiff does not challenge that decision. Tr. 15.

Before going from step three to step four, the ALJ assesses the claimant's RFC by determining the most the claimant can still do despite his or her limitations. 20 C.F.R. §§ 404.1520(a)(4) and 404.1545(a)(1). The claimant's RFC is then used at steps four and five to determine if the claimant can still do his past relevant work or adjust to other jobs that exist in the national economy. 20 C.F.R. § 404.1520(e).

The ALJ found that Plaintiff could perform the demands of light work[1] except that he can only frequently (one-third to two-thirds of the time) use his right (dominant) hand for handling and fingering. The ALJ added that Plaintiff must avoid concentrated exposure to pulmonary irritants and "has no limitation of use with his left (helper) hand." Tr. 16.

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

The ALJ found that Plaintiff could not perform the demands of his past relevant work (step four) because those jobs were heavy or very heavy in nature. At step five, the ALJ heard testimony from a vocational expert who testified that a person with Plaintiff's RFC and other vocational factors could perform the demands of other jobs such as cafeteria attendant, housekeeper, escort vehicle driver, and surveillance systems monitor, which are all light or sedentary in nature. The ALJ relied on that testimony and ended the analysis at step five with a finding that Plaintiff is not disabled. Tr. 19-20.

**Relevant Evidence**

Plaintiff testified that he lives with his adult daughter and other family members and is able to bath and dress himself. He can do a little sweeping if his hand does not hurt. He vacuums every now and then, but he does not cook or do yard work. He has a valid driver's license and does drive about two miles to a store about once a week, but he does not drive to doctor's appointments or on other more distant trips.

Plaintiff testified that the third and fourth phalanges on his right hand were amputated about 20 years ago. A medical report states that there was amputation of the third and fourth right distal phalanges. Thus, it appears Plaintiff lost the last segments of his ring and small fingers. When Plaintiff was asked to describe the problem with his hands, he said: "They lock up. They'll lock up. They do that." He estimated he could pick up a gallon of milk but could not hold it more than a minute or two. He said he definitely had problems picking up small items such as a penny. He was specifically asked if the condition was in "both your hands?" Plaintiff answered: "It's in both of my hands ... [and] my left hand worse though."

Plaintiff said he is unable to do anything with his hands when they lock up, which can happen at any time. Tr. 31-55.

There are apparently no records from a treating physician regarding Plaintiff's hand problems. The Agency sent Plaintiff for a consultative examination by Dr. Raymond Cush, who noted in his examination of the extremities: "No muscle atrophy or cyanosis but very severe clubbing of all hand digits (which he has had most of his life)." Tr. 187-89. He also wrote:

> Both hand grips are slightly reduced (four/five) in strength with prolonged gripping. There is otherwise good fine hand movements and good dexterity for brief periods. Hand joints are not particularly tender and have reasonable ranges of motion.
> 
> * * *
> 
> X-ray of right hand shows enlargement of distal tufts consistent with hypertrophic pulmonary osteoarthropathy in 1, 2, 3, 5th digits. The 4th digit is consistent with trauma and amputation of distal 3rd and 4th right distal phalanges.

After making these particular findings, Dr. Cush gave his "summary and impression." It included the statement:

> He is not able to do significant standing, carrying, climbing or prolonged use of hands for gripping. He has only marginal manual dexterity.

**Analysis**

Dr. Cush's report also addressed limitations stemming from Plaintiff's pulmonary problems and heart disease. The ALJ summarized the report and then wrote: "In light of the overall record and as an examining physician, Dr. Cush's assessment can only be given *limited weight*." Tr. 18. He went on to discuss the medical records and give some reasons

for discounting Dr. Cush's assessment. For example, he discounted an opinion that Plaintiff could not do any significant standing because there were no objective findings made to support such a severe limitation, and there were other records that indicated Plaintiff was able to walk easily with a normal gait.

The ALJ did not, however, give any particular reasons for discounting Dr. Cush's opinions regarding Plaintiff's ability to use his hands. Plaintiff undeniably has medical problems with his hands that create some limitation. Dr. Cush's opinion suggests limitations greater than those found by the ALJ. Dr. Cush found that Plaintiff could not engage in prolonged use of either hand for gripping and had only marginal manual dexterity. The ALJ found that Plaintiff had *no limitation* of his left hand and could use his right hand from one-third to two-thirds of the time for handling and fingering. An ALJ is entitled to weigh the evidence, including opinions from medical sources, but he may not substitute his medical judgment for that of a physician. There might be grounds to discount Dr. Cush's opinion, although the ALJ did not specify any, but there is no other medical evidence in the record on which the ALJ can rely to support the lesser degree of limitation that he found. It has been held in similar cases that the absence of a medical opinion or evidence establishing that the claimant could perform the exertional demands found by the ALJ meant that the determination is not supported by substantial evidence. See Ripley v. Chater, 67 F.3d 552, 557-58 (5th Cir. 1995). In a recent case, Williams v. Astrue, 355 Fed. Appx. 828 (5th Cir. 2009), the ALJ gave good reasons to decline to give controlling weight to the opinions of treating physicians and found that the claimant could perform light work. The Court, citing

Ripley, found that the ALJ had improperly relied on his own medical opinions as to the limitations presented by the medical history presented in the other records. This case is similar. The absence of evidence from an accepted medical source regarding Plaintiff's exertional abilities deprives the Commissioner's decision of substantial evidence. See also K.D.H. v. Commissioner, 2010 WL 3037269 (W.D. La. 2011). Plaintiff's testimony also indicates limitations greater than found by the ALJ, so the testimony cannot serve as substantial evidence to support the RFC. Given the absence of competing medical evidence to support the ALJ's RFC, and the absence of any particular reasons to discount Dr. Cush's assessment with regard to Plaintiff's hand limitations, the court cannot say that the decision is supported by substantial evidence.

Reversal is not required for a mere harmless error. Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005). In this case, however, there is no evidence of record that Plaintiff could perform the jobs identified by the vocational expert if he had an RFC that included a lesser degree of ability to use his hands in line with that found by Dr. Cush. Absent such evidence, the court cannot say that the mistake did not harm Plaintiff's substantial rights.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of September, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE