UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

D.M.W. (XXX-XX-2089)                      CIVIL ACTION NO. 12-cv-2650

VERSUS                                    JUDGE FOOTE

U.S. COMMISSIONER, SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

D.M.W. ("Plaintiff"), represented by attorney Matthew Lane Jr., filed this civil action to appeal the Commissioner's denial of his application for disability benefits. Plaintiff prevailed before this court and obtained a remand to the agency, where he was awarded significant benefits. Attorney Lane now presents a Motion for Attorney Fees Under Section 406(b) (Doc. 24) and asks for $9,500 for his time spent before the court. For the reasons that follow, it is recommended his motion be granted.

Plaintiff suffers from congestive heart failure and problems using his hands, among other issues. An ALJ denied his claim for disability benefits, and the Appeals Council denial of review made that the Commissioner's final decision. Lane appealed to this court. He argued in his brief that the ALJ erred in weighing the medical opinion of a consultative physician. The Commissioner responded that the ALJ's decision was supported by the record.

The court ruled for Plaintiff, and the Commissioner's decision was reversed and remanded pursuant to sentence 4 of 42 U.S.C. § 405(g). On remand, Plaintiff prevailed and

obtained an award of past due disability and SSI benefits of approximately $69,000, plus monthly benefits going forward and Medicare eligibility.

Lane and Plaintiff have a contingency fee agreement that Lane will be paid 25% of any past due benefits. The agency withheld 25% ($17,257.42) of the total past due benefits for possible payment of attorney fees. Lane may apply to the agency, pursuant to 42 U.S.C. § 406(a), for a fee for his efforts before the agency. He represents that he has asked the agency for a fee award of $5,231.25 and is awaiting a decision on that application. He may also apply to the court, pursuant to Section 406(b), for an award for his work before the court. The Fifth Circuit interprets Section 406 to preclude the combination of agency fees under Section 406(a) and court fees under Section 406(b) from exceeding 25% of the past-due benefits. Rice v. Astrue, 609 F.3d 831, 835 (5th Cir. 2010); Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970).

Before the court is Lane's motion for fees under Section 406(b) in which he asks for an award of $9,500 for his work before the court. He appears to assess this as a reasonable portion of the withheld funds to attribute to the court work, with the rest attributed to work before the agency. The total of the $9,500 (sought from the court) and $5,231.25 (sought from the agency) is $14,731.25, which totals less than the full 25%. Lane says this is because he reduced his fee request by $2,526.17 to account for the fact that he missed a deadline to apply for that amount of EAJA fees that would have been paid by the government and reduced the fees that would come from his client's past due benefits.

The contingency fee agreement may provide the award sought pursuant to 42 U.S.C. § 406(b) so long as the fee is reasonable under the facts of the case. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1828 (2002); Jeter v. Astrue, 622 F.3d 371 (5th Cir.2010). The Commissioner, who has no direct role in such matters but acts similar to a trustee, filed a general response and stated that she will defer to the court on whether the fee is reasonable.

Lane's time records indicate that counsel spent a reasonable 20.9 hours of time on efforts before the court, which results in an effective hourly rate of approximately $454.54 per hour for the court-related time. Gisbrecht explicitly rejected the application of the lodestar method to calculate fees under Section 406(b). It did allow that if the benefits resulting from a contingency fee were large in comparison to the amount of time counsel spent on the case, a downward adjustment could be in order to disallow a "windfall" for the lawyer.

That led to some confusion about the role the lodestar calculation should play in setting a reasonable contingency fee. The Fifth Circuit looked at the issue in Jeter v. Astrue, 622 F.3d 371 (5th Cir. 2010) and held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage." 622 F.3d at 380. The Court said this meant the windfall assessment could consider an effective hourly rate "but only so long as this mathematical calculation is accompanied by a consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him." Id. The Court explained that the Gisbrecht "windfall"

does not preclude attorneys from recovering what may seem like a high fee award if the attorney's success on appeal is of his own making. If "success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." Id. at 381.

Lane's effective hourly rate may seem a little high in the abstract, but in light of the applicable law and the considerations discussed in Stoneking v. Commissioner, 2011 WL 3328538 (W.D. La. 2011), such as the few attorneys in the area who will handle a disability appeal and the lack of compensation in the many unsuccessful cases, the undersigned finds that the requested fee is reasonable and not attributable to anything other than the attorney's own work. Plaintiff likely would have received nothing on this application had Lane not taken over the case, after Plaintiff's original lawyer retired, and raised a successful argument on appeal. That argument led to Plaintiff receiving a net of more than $51,000 in past due benefits, plus continuing monthly payments and Medicare eligibility. The requested fee award of $9,500 is reasonable in light of the circumstances and should be approved.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Attorney Fees Under Section 406(b) (Doc. 24) be granted and that the court approve a fee award under 42 U.S.C. § 406(b) in the amount of $9,500 for the work of attorney Matthew David Lane Jr. before the court in this case, with the amount to be paid from the past due benefits held by the Commissioner for such purposes.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of November, 2015.

Mark L. Hornsby
U.S. Magistrate Judge